No. 596

ORVETZ, et v. IROQUOIS REALTY CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6570.    Decided June 14, 1926.

Mauck, PJ., Middleton and Sayre, JJ. of the Fourth District sitting by designation.

461. EQUITABLE RELIEF—997 Real Estate—Court of Equity will not enforce transfer of legal title to real estate to enable grantee to take inequitable advantage of owner of adjoining parcel.

Appeal from Common Pleas Court.

**First Publication of this Opinion**

MAUCK, PJ.

The Iroquois Realty Co. and the Elworthy-Helwick Co., which seem to be two organizations representing one interest, contracted four lots to one L—, agreeing to convey the property to him when he had completed the purchase price. The lot next adjoining, one of the four so contracted, was later sold to Frank J. and Julia Orvetz. Orvetz, innocently mistaking the location of the line between the two lots, erected a residence, worth nine or ten thousand dollars, mainly upon his own lot, but projecting two feet upon the lot which had been contracted to L—. After the house was finished, L— discovered that it extended over on the property that he had contracted for. At this time L— had not fully performed his contract, owing some six or eight hundred dollars of the purchase price. He informed the proprietor company of Orvetz's mistake and was advised by that company not to make further payments until the difficulties had been straightened out. Notwithstanding this, he did pay to the vendor the balance owing on his contract, and demanded a conveyance of his lots, including the lot upon which Orvetz had built. About this time Orvetz brought an action to reform his deed, to the end that it might cover the ground occupied by his improvements, pleading as ground therefor that he had been induced to build his house where it was built because his vendor had improperly located the lot line. L— later filed his petition against his vendor, alleging that he had completed the payments he was bound to make under his contract, and asking for specific performance.

The common vendor does not deny that it is without defense to the claim of L— for specific performance, unless some superior equity of Orvetz prevents its literally carrying out its agreement to convey to L—. Such common vendor does deny that Orvetz has any just claim for reformation. We do not find that the mistake of Orvetz in building over the lot line was due to anything done or said by his vendor. It was a mistake of his own. The mistake was innocently made without any intent to wrong another. L— knew the unfortunate situation into which Orvetz had thrust himself before L— had completely carried out his contract of purchase. He insisted, over the objection of his vendor, in putting more money into the property, as we think, for the purpose of gaining an inequitable advantage over Orvetz. He is now seeking legal title to the lots for which he had paid and, if invested therewith, will have Orvetz at his mercy. Orvetz will have to destroy a $10,000 house or get off of a $700 lot, or buy his peace of L— at the latter's terms. We are convinced that L— is seeking to use a court of equity to get legal title in order that he may do an inequitable thing. A court of equity cannot be so used. If L— obtains equitable relief he must himself do the square thing. In this case we follow and approve Ryan v. Cincinnati Model Homes Co., 25 N. P. (N. S.) 574, and the authorities therein cited, and especially commend the opinion of Judge Darby as a sound and valuable contribution to the legal literature of this State.

As a condition precedent to vesting in L— the legal title to any of the lands described in his cross petition, he will be required to convey to Orvetz a strip five feet in width off the west side of lot 265 on the payment to him, by Orvetz, of $500. If, however, he so elect, by June 22nd, the decree shall provide for Orvetz taking the whole of lot 265 and paying $1200.

Decree accordingly.

(Middleton and Sayre, JJ., concur.)

Attorneys—F. M. Secrest, M. C. Harrison, for Orvetz, et; White, Hammond, Brewer & Curtiss for Realty Company; all of Cleveland.